# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL CLARK,** | ) |
| **Plaintiff,** | ) ) ) |
| | ) **Case No.** 1:22-cv-1089 |
| v. | ) |
| | ) *(Removed from the Chester County Circuit* |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | ) *Court, Case No. 22-CV-11)* ) ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Ohio Security Insurance Company, improperly named in the Complaint as Liberty Mutual Insurance Company (hereafter "Ohio Security"), hereby gives notice of the removal of this action to the United States District Court for the Western District of Tennessee, Eastern Division. As grounds for this removal, Ohio Security states as follows:

## INTRODUCTION

1. On or about March 31, 2022, Plaintiff Michael Clark ("Plaintiff") commenced an action against Ohio Security in the Circuit Court of Chester County, Tennessee, pending there as Case 22-CV-11. The Circuit Court of Chester County is a Tennessee state court within this judicial district and division.

2. The Tennessee Department of Commerce and Insurance was served with a copy of the Summons and Complaint on Ohio Security's behalf on April 6, 2022 which it subsequently transmitted to Ohio Security on April 12, 2022. Ohio Security received the correspondence from

the Tennessee Department of Commerce and Insurance on April 20, 2022. Thus, this Notice of Removal is timely filed.

3. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all pleadings in Ohio Security's possession that have been filed in the state court pertaining to this matter as of this date, including the Complaint and exhibits thereto, is attached hereto collectively as **Exhibit 1.**

## DIVERSITY JURISDICTION

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship**
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. This action is properly removable under 28 U.S.C. § 1441 (a) and (b) because the United States District Court has jurisdiction of this case under 28 U.S.C. § 1332(a), which provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States ….

6. Plaintiff Michael Clark is an adult resident of Tennessee. *See* Complaint at ¶ 1.

7. Ohio Security Insurance Company is a company organized under the laws of the State of New Hampshire with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

8. Further, to the extent the Court later determines that Liberty Mutual Insurance Company is a proper party defendant to this action, Liberty Mutual Insurance Company is a company organized under the laws of the State of Massachusetts with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

9. As detailed above, neither Ohio Security nor the improperly named Liberty Mutual Insurance Company is a citizen of the State of Tennessee. Thus, the diversity of citizenship requirement is met in this case.

## AMOUNT IN CONTROVERSY

10. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

11. Plaintiff brought this action against Ohio Security for allegedly failing and refusing to provide coverage with regard to hail and wind damage that allegedly occurred at Plaintiff's property located at 320 Record Drive, Henderson, Tennessee, on May 4, 2020. Complaint at ¶ 10.

12. Plaintiff's Complaint specifically seeks compensatory damages "in an amount not to exceed $352,000.00", in addition to attorneys' fees. *Id.*, Prayer for Relief, ¶¶ 1-2.

13. While Ohio Security disputes Plaintiff is entitled to the relief sought and further disputes Plaintiff may seek or recover attorneys' fees against Ohio Security, it is proper for the Court to consider these claims in calculating the amount in controversy.

14. Thus, the amount in controversy in this action clearly exceeds $75,000, exclusive of interest and costs.

## JURISDICTIONAL REQUIREMENTS

15. This case is a civil action within the meaning of the Act of Congress relating to the removal of causes.

16. Ohio Security has not previously removed this action and has heretofore sought no similar relief.

17. Ohio Security reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

18. Ohio Security hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Ohio Security has also filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Chester County, Tennessee, as provided by law.

Respectfully submitted,

*/s/ Brian C. Neal*
Brian Neal (BPR #022532)
Kate A. Hamilton (BPR #039331)
BURR & FORMAN LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3246
Facsimile: (615) 724-3346
*Attorneys for Defendant Ohio Security Insurance Company, improperly named in the Complaint as Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May 2022, I served a copy of the foregoing *Notice of Removal* via electronic and/or U.S. mail on the following:

Toby Gammill
Gammill Law Group
1911 Dunbarton Drive
Jackson, Mississippi 39216
toby@gammill-law.com

*/s/ Brian C. Neal*