IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CLARK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-01089 |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) *(Removed from the Chester County Circuit Court, Case No. 22-CV-11)* |
| Defendant. | ) |

## DEFENDANT OHIO SECURITY INSURANCE COMPANY'S MOTION FOR AN AWARD OF SANCTIONS AND AN ORDER TO SHOW CAUSE AGAINST PLAINTIFF MICHAEL CLARK

Defendant Ohio Security Insurance Company, improperly named in the Complaint as Liberty Mutual Insurance Company ("Ohio Security"), by and through its undersigned counsel, hereby moves for an award of sanctions and an order to show cause against Plaintiff Michael Clark ("Clark") stating as follows:

Clark has engaged in various misrepresentations to Ohio Security and this Court, including the identity of the real party in interest and the validity of the settlement agreement entered into between Clark and Ohio Security as a result of the court-ordered mediation occurring on August 26, 2022. (*See* D.E. 18.) Clark's conduct constitutes a willful violation of the discovery process and this Court's order for the parties to attend mediation. (*See* D.E. 13.)

As noted in the contemporaneously filed Memorandum of Law in Support of this Motion, Ohio Security notes that after multiple encounters with Clark, including a deposition and written discovery, and his public adjuster, William Griffin, including multiple site inspections, both of them waited until after a settlement was reached between Ohio Security and Clark at the court-ordered mediation to reveal that Clark earlier assigned his interest in the claims at issue to a

49100588 v2

contractor, P&G Construction Consultants, LLC (in which it appears the public adjuster has an ownership interest).

Clark's actions and omissions have prejudiced Ohio Security's defenses in this case and caused Ohio Security to incur unnecessary legal fees and expenses for which it seeks compensation. Clark failed to disclose essential documents from Ohio Security relating to the real party in interest, failed to participate in discovery in good faith, and has recently refused to communicate with Ohio Security regarding the validity of Clark's agreement to settle his claims against Ohio Security.

Based on the above, under this Court's inherent authority, Fed. R. Civ. P. 37(c), 28 U.S.C. §§ 1651 & 1927, Ohio Security respectfully requests that the Court enter an order (a) staying all further proceedings in this case for ninety (90) days so that Ohio Security may conduct discovery necessary to determine the real party in interest to this dispute, including deposing Clark again; (b) issue sanctions against Clark, including ordering Clark to pay for Ohio Security's attorneys' time for attending the all-day mediation, Ohio Security's attorneys' time preparing a mediation statement as required by the mediator, the $4,320.00 in costs and fees charged by Allen Blair to conduct the court-ordered mediation, and/or such other sanctions as the Court may deem appropriate; (c) to the extent that it is proven that Clark is not the real party in interest, dismiss Clark as a party to this case or otherwise order Clark to show cause why his claims asserted in the lawsuit should not be dismissed; and/or (d) to order a hearing regarding these matters, to the extent the Court finds such a hearing necessary.

In support of its Motion, Ohio Security relies upon the pleadings, the contemporaneously filed Memorandum of Law in Support of this Motion, the supporting Declaration of Amy Delaney,

dated September 27, 2022, including all exhibits thereto (attached hereto as **Exhibit 1**), and other filings in the record of this case.

**WHEREFORE**, for the reasons stated herein and in Ohio Security's Memorandum of Law in Support, Ohio Security respectfully requests that this Court grant its Motion.

Respectfully submitted,

*/s/ Brian C. Neal*
Brian C. Neal (BPR #022532)
Kate Hamilton (BPR # 039331)
BURR & FORMAN LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
Facsimile: (615) 724-3290

*Attorney for Defendant Ohio Security Insurance Company, improperly named in the Complaint as Liberty Mutual Insurance Company*

## CERTIFICATION OF CONSULTATION

Counsel for Ohio Security has engaged in written and telephonic correspondence with counsel for Clark to meet its obligation to consult under LR 7.2(a)(1)(B). Most recently, on September 22, 2022, counsel for Clark reported that he is unable to reach Clark to discuss the relief sought in this Motion. As a consequence, the parties are unable to reach an accord as to all issues set forth in this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September 2022, a copy of the foregoing was served via the Court's CM/ECF system, electronic mail and/or U.S. mail on the following:

Toby Gammill
Gammill Law Group
1911 Dunbarton Drive
Jackson, Mississippi 39216
toby@gammill-law.com

*/s/ Brian C. Neal*