# IN THE CIRCUIT COURT OF CHESTER COUNTY TENNESSEE AT HENDERSON

**MICHAEL CLARK,**
**Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY,**
**Defendant.**

CAUSE NO. 22-CV-11

JURY DEMAND

## COMPLAINT

COMES NOW Plaintiff, by and through his attorney, Toby Gammill, and upon information and belief would state to the Court as follows:

### I. PARTIES TO PROCEEDINGS

1. Plaintiff is an adult resident of Tennessee. At all times pertinent hereto Plaintiff owned the subject insured premises ("Premises") 320 Record Drive, Henderson, Tennessee.

2. Defendant, Liberty Mutual Insurance Company is a corporation organized in Massachusetts, with its principal place of business in Massachusetts. At all times pertinent hereto, Defendant Insurer advertised, marketed, sold, and was otherwise in the business of offering Policies of Insurance to Chester County citizens and across Tennessee. Defendant insurer can be served through the Commissioner of Insurance at 500 James Robertson Parkway, Nashville, Tennessee.

### II. JURISDICTION AND VENUE

3. Insurer is duly licensed to sell Policies of Insurance in Tennessee. At all times pertinent hereto, Insurer advertised, marketed, sold, and otherwise offered policies of insurance to citizens of Chester County, Tennessee. This Court has personal jurisdiction over the Defendant.

**COPY**

FILED
TIME: 9:37 AM/PM

MAR 31 2022

Circuit Court Clerk

**Exhibit D**

4. This action for breach of contract arises under Tennessee Common and Statutory Law, in an amount not to exceed $352,000.00, over which, this Court has Subject Matter Jurisdiction.

5. The subject Insured Premises, as well as the bulk of the witnesses are in Chester County. Many of the facts and circumstances that gave rise to this suit occurred in Chester County. Venue is proper.

### III. STATEMENT OF THE CASE

6. Plaintiff bought a Policy of Insurance from Insurers to cover the Insured Premises that was in full force and effect on the date of this event. The policy number was BZS99999011.

7. Insurer agreed to cover the Insured Premises from damage or loss in exchange for valuable consideration as shown by the Policy.

8. At all times pertinent hereto Plaintiff promptly paid, and Insurers accepted, consideration in the form of premium payments.

9. The Insured Premises was free from significant deterioration or preexisting damage and maintenance supported.

10. On or about May 4, 2020, a storm caused severe hail and wind damage to the exterior and interior finishes of the Insured Premises.

11. Plaintiff promptly filed a claim with Insurer. The claim number was 23866745.

12. William Griffin prepared an estimate as a public adjuster.

13. Proof of Loss was sent to Insurer.

14. Plaintiff completed all conditions precedent, per to the Policy of Insurance, which triggered the Insurers' duty to pay.

15. Damage from wind and hail are covered perils. Defendant denied any damage.



16.  Plaintiff has demanded payment from Insurer, but Insurer has willfully refused to pay Plaintiff per to the Policy of Insurance.

## IV.  CAUSES OF ACTION

### 1.  BREACH OF CONTRACT

17.  Plaintiff hereby incorporates paragraphs 1-16 by reference as if verbatim.

18.  Plaintiff brings this action for Breach of Contract.

19.  Insurer agreed to cover the Insured Premises from damage or loss in exchange for valuable consideration as shown by the Policy of Insurance. Wind and hail are perils not excluded under the Policy of Insurance.

20.  At all times pertinent hereto Plaintiff promptly paid, and Insurers accepted consideration in the form of premium payments.

21.  The Insured Premises were seriously damaged by high winds and hailstorm compromising the Plaintiff's roofing system, and siding, allowing moisture infiltration.

22.  Plaintiff promptly filed a claim with Insurer. William Griffin completed an estimate and sent it to the Insurer along with the Proof of Loss.

23.  Plaintiff has completed all conditions precedent, per the Policy, which triggered the Insurer's duty to pay.

24.  Insurer has refused to pay the value of the claim.

25.  Insurer refuses to pay the true amount of the loss, which is a material breach of the agreement.

26.  Insurer's failure in its duty to pay is the cause and proximate cause of Plaintiff injuries including damage from water infiltration to the Insured Premises.



## 2. COMPENSATORY DAMAGES

27. Plaintiff hereby incorporates paragraphs 1-26 by reference as if verbatim.

28. Plaintiff prays for an award of Compensatory Damages.

29. Plaintiff was injured when Insurer did not perform on the contract and Policy of Insurance when performance came due. Plaintiff continued to suffer damage from water infiltration to the Insured Premises.

30. Plaintiff is entitled to compensatory damages to be restored to whole.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant should have to answer this Complaint, and that the Plaintiff be awarded a judgment against the Defendant for the following:

1. Plaintiff prays for compensatory damages in an amount not to exceed $352,000.00;

2. Plaintiff prays for attorney's fees, if applicable, and costs of this court; and,

3. Plaintiff prays for such other and further relief as this court may deem proper and in the interest of justice.

Respectfully submitted this the 9 day of March 2022.

Toby Gammill for the Plaintiff

Toby Gammill (BPR#025225)
Gammill Law Group
1911 Dunbarton Drive
Jackson, Mississippi 39216
Phone: 601-487-2300
Fax: 601-420-24269
Email: toby@gammill-law.com


COPY