IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

MICHAEL CLARK )
Plaintiff )
)
v. ) No.: 1:22-cv-01089-JDB-jay
)
LIBERTY MUTUAL INSURANCE COMPANY
Defendant

---

## OBJECTION TO REPORT AND RECOMMENDATION

---

I.    INTRODUCTION

This civil action arises out of weather loss that occurred on May 4, 2020. The Court issued its report and recommendation on July 11, 2023 and thus it is ripe for objection which follows below.   Plaintiff incorporates by reference previous arguments [DE 63].

II.        RELEVANT FACTUAL ERRORS CONTAINED IN REPORT AND RECOMMENDATION

1.   Toby Gammill represented Mike Clark until December 16, 2022.    DE 33

2.   Toby Gammill filed the initial response to the Motion for Sanctions on October 3, 2022.   DE 21.

3.   Any advice regarding Mike Clark's Real Party in Interest Status and authority to settle occurred while Toby Gammill was representing Mike Clark.    See Report and Recommendation.

4.   The Motion for Sanctions against Clark was filed while Toby Gammill was representing Plaintiff.   DE 19.

1

5. Undersigned counsel did not represent Mike Clark until he requested same in February 2023. DE 37.

6. Defendant it knew of the assignment of the post-loss claim no later than November 30, 2020 via the e-mail sent to Mr. Uvalde. April 24, 2023 Transcript, pp 128-129, 101. Exhibit 16.

7. Defendant knew 16 months prior to the lawsuit being filed that Clark has assigned his interest in the claim via the November 30, 2020 Uvalde e-mail. Exhibit 16.

8. On January 17, 2023, Ohio Surety refused to consent to a substitution of P & G Consultants LLC as the Plaintiff. DE 67.

9. The text messages between Gammill and Griffin regarding Mike Clark was inextricably intertwined with messages regarding other clients completely unrelated to this claim and thus not subject to waiver of the privilege. See August 24, 2023 Hearing Transcript, pp. 135.

10. Struttman's testimony did reveal he did not receive any communication either in writing or orally from Defense counsel's electronic discovery team regarding digitally altered signatures or metadata.

11. Defense counsel's claims to the Court regarding the search results of their electronic discovery teams was the impetus for DE 45 and DE 47.

12. Mike Clark was adamant that he did not settle the case. April 24, 2023 Tr, pp. 26, 28.

13. Mr. R.C. Latham attended the Zoom mediation with Mike Clark and confirmed that Mike Clark did not settle the claim. April 24, 2023 Tr, pp. 77-79

14. Mike Clark wanted a jury and was not going to settle for peanuts. *Id*.

III.     ERRORS OF LAW

1. *Imputation of prior counsel conduct to current counsel.*

Mike Clark's interests and P & G's interests are aligned in that Mike Clark is an assignor who takes the position that he did not settle the claim and P & G takes the position that it as assignee did not settle the claim. Therefore they are not directly adverse to each other and there is no risk of material limitation. Thus, Rule 1.7 of the Rules of Professional Conduct is not implicated with respect to current counsel. The Report's attempt to impute any conduct of prior counsel to current counsel is not supported Rule 1.10 of the Tennessee Rules of Professional Conduct or its commentary.

2. *Ohio Security waived any objection to Mike Clark's capacity or Real Party in Interest Status*

Ohio Security did not raise the affirmative defense of capacity either in its answer, DE 8, or within the amended time allotted for amendments, DE 40, thus it is this waived consistent with *Cranpark*. Defendant failed to raise this affirmative defense although it knew of the assignment of the post-loss claim no later than November 30, 2020 via the e-mail sent to Mr. Uvalde. Finally, even as late as January 2023, Ohio Security refused to consent to the substitution. This constitutes the waiver of any objection to Mike Clark as the real party in interest. See *In re Signal Intern LLC*, 579 F.3d 478, 487-488 (5th Cir. 2009). Thus, Ohio Security appears to have preferred Mike Clark as the party Plaintiff and consented to his participation as such after January 2023.

3. *The time to file a substitution of parties has not been unreasonable.*

The Court stayed the scheduling Order to conduct the contempt hearing regarding the Thus, this matter is currently stayed pending the District Court's treatment of the Report and Recommendation.

*4. The Report and Recommendation overlooks Ohio Security's attempted fraud upon the Court.*

Consistent with *Williamson v. Recovery Limited Partnership*, 826 F.3d 297 (6th Cir. 2016), fraud upon the court is limited to attacking adverse judgments under the standards announced in *Carter v. Anderson*, 585 F.3d 1007 (6th Cir. 2009). Ohio Security has never provided any written report, note, memorandum or otherwise to Plaintiff, the Court or Struttman regarding the existence of metadata or metadata scrubbers.

*5. The Reports assessment of the entire cost of the contempt proceedings involving metadata and scrubbers when the only finding of contempt was for a text messages[1] is grossly disproportionate when the text messages were already excluded from evidence.*

In *Spallone v. United States*, 493 US 265, 276 (1989), the Court limited the contempt power to the least possible power. Here, the least possible power would be to assess fees for the text messages only portion of the hearing not the entirety of the contempt hearings over three days. To the extent, any compensatory contempt sanction exceeds the text messages, then this sanction not only exceeds the limits set by *Spallone* but also becomes a grossly disproportionate fine in violation of the VIII Amendment. *US v. Zakharia*, 08-1266, Slip Op at 13-16 (6th Cir. April 6, 2011).

*6. Mike Clark should not be sanctioned*

We simply reiterate our point that Mike Clark should not be sanctioned at all for this case as set forth in DE 63.

---

[1] *Cincinnati Enquirer v. DOJ*, 45 F.4th 929 (6th Cir. 2022) stands for the proposition that inextricably intertwined documents do not have to be produced. Counsel was attempting to discuss a way to attempt to excise all the privileged material so that the relevant text information could be introduced when Ohio Security flatly refused to discuss same and the Court excluded the text message.

IV. CONCLUSION

The Court should exclude decline to sanction Mike Clark or in the alternative dismiss this without prejudice. The Court should utilize the least possible contempt power against P & G and simple allow the text message to remain excluded or in the alternative to assess fees for the text messages only consistent with *Spallone*.

Respectfully submitted,

 /s/**Drayton D. Berkley**
Drayton D. Berkley, Esq.(022601)
Berkley Law Firm, PLLC
1255 Lynnfield Ste 226
Memphis, TN 38119
attorneyberkley@gmail.com
*Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN 38177

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

Brian C. Neal
BURR & FORMAN, LLP
222 Second Avenue South
Suite 2000
Nashville, TN 37201
Attorney for Liberty Mutual

This, the 25th day of June 2023

 /s/**Drayton D. Berkley**
**Drayton D. Berkley**