IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MICHAEL CLARK,

    Plaintiff,

v.                                                                           Case No.: 1:22-cv-01089-JDB-jay

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.

ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND
RECOMMENDATION

On August 29, 2022, this case appeared to be settled, but as the witches of Macbeth predicted, appearances can be deceiving.[1] (Docket Entry "D.E." 18.) One month later, Defendant, Ohio Security Insurance Company ("Ohio Security"),[2] filed a motion for sanctions against Plaintiff, Michael Clark, after third parties, P&G Construction Consultants ("P&G") and William Griffin, contested the settlement claiming that Clark had fully assigned his interest in all claims to P&G, the real party in interest. (D.E. 19.) The motion was referred to the magistrate judge for determination and/or report and recommendation. (D.E. 20.) In the subsequent months, Ohio Security attempted to resolve this issue through a subpoena for all documents related to the assignment of claim (D.E. 26-1), a letter to P&G urging compliance with the subpoena (D.E. 26-

---

[1] "Fair is foul, and foul is fair." Macbeth, act 1, sc. 1.
[2] Defendant's counsel notes that Defendant is improperly identified by Plaintiff in the complaint as "Liberty Mutual Insurance Company" but should instead be "Ohio Security Insurance Company." (D.E. 19.)

2), and a motion to compel subpoena responses (D.E. 26). Judge York granted the motion to compel and directed P&G to comply by January 9, 2023. (D.E. 33.) He then held multiple telephonic status conferences to resolve the questions surrounding the failed settlement, and on March 7, 2023, he ordered Clark to engage in digital forensic analysis of all electronic devices possessed by P&G or Griffin that might contain relevant documents. (D.E. 45.) After P&G's continued failure to adequately respond to the subpoena, order granting the motion to compel, and other orders from the Court, Judge York set a contempt hearing for April 10, 2023. (D.E. 47.) The Magistrate Judge held three days of such hearings in which Clark, Griffin, as well as two principals of P&G, Billie Griffin and Russ Perkins, testified. (D.E. 50; D.E. 56; D.E. 58.) At the conclusion of the contempt hearings, Judge York ordered Defendant to submit a brief to which Plaintiff was to respond. (D.E. 58.) Defendant filed its brief on May 26, 2023 (D.E. 62), Plaintiff responded (D.E. 63), and Defendant filed a reply (D.E. 64.) Now, pending before the Court, is the Magistrate Judge's Report and Recommendation (the "Report") filed on July 11, 2023. (D.E. 66.) Plaintiff submitted timely objections (D.E. 67; D.E. 68) and Defendant has responded. (D.E. 69.)

**STANDARD OF REVIEW**

When a party objects to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The portions of the report and recommendation as to which no specific objections are timely filed are reviewed for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee notes. However, the submission of "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v.*

*Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Generalized objections are discouraged and the "district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed." *Ashraf v. Adventists Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 151 (1985)).

Furthermore, the Sixth Circuit has repeatedly held that failing to object to a specific finding within the report and recommendation waives appeal of those objections. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal[.]"); *Cole*, 7 F. App'x at 356 ("This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report."). Instead, "an objection preserves an issue when it 'explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic.'" *Robert*, 507 F.3d at 994 (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (unpublished table decision)). While a "document filed *pro se* is 'to be liberally construed,'" represented parties are not given such deference. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Jones v. City of Jackson*, 335 F. Supp. 2d 865, 868 (W.D. Tenn. 2003) ("Counsel for the plaintiffs is reminded that it is not the role of the court to formulate his legal arguments for him.").

## ANALYSIS

The Report analyzes two primary issues: whether Clark is the real party in interest and whether P&G and its representatives should be sanctioned. (D.E. 66 at PageID 906.) The Report

3

recommends finding that Clark is not the real party in interest and that granting leave to cure this deficiency is inappropriate. (*Id.* at PageID 915.) This recommendation is given after exhaustive examination of the record noting that Plaintiff has known that he was not the real party in interest since at least October 2020 when he assigned the claim and that rather than substitute the real party in interest, Plaintiff and P&G and its associates engaged in months of dilatory tactics. (*Id.* at PageID 906-915.) Because Plaintiff is not the real party in interest and failed to substitute such party within a reasonable time, the Report recommends that the case be dismissed with prejudice. (*Id.* at PageID 906.) The Report additionally recommends a monetary sanction whereby P&G and Griffin be ordered to pay the reasonable attorney fees and costs that Defendant incurred in drafting its motion to compel and during the contempt hearings. (*Id.* at PageID 917.) In his objections, Plaintiff raises six arguments, some of which are relevant and cogent.

   a. *Clark is not the real party in interest, substitution under Rule 17(a)(3) is inappropriate, and dismissal with prejudice is warranted*

Clark first objects, without citation to the record or case law, that he never settled the claim and that his interests are so aligned with P&G's that, despite retaining the same counsel, neither Rule 1.7 nor Rule 1.10 of the Tennessee Rules of Professional Conduct are violated. (D.E. 68 at PageID 924.) The Report's recommendations of sanctions and finding Clark not to be the real party in interest are based on the entirety of the record, not simply potential conflict of interest considerations. Indeed, whether present counsel can adequately represent both Clark and P&G is considered only briefly in a footnote wherein Judge York notes that "P&G, and possibly its counsel, has engaged in bad faith antics in seeking to pursue the suit from the sidelines using Plaintiff as some sort of proxy rather than pursuing the claim as the proper plaintiff." (D.E. 66 at PageID 915 n.3) Plaintiff additionally argues that the "Report's attempt to impute any conduct of

4

prior counsel to current counsel is not supported by Rule 1.10 of the Tennessee Rules of Professional Conduct or its commentary." (D.E. 68 at PageID 924.) Clark does not cite to "portions of the report or specified proposed findings" and it is not the role of the Court to craft his argument for him. 28 U.S.C. § 636(b)(1); *see also Jones*, 335 F. Supp. 2d at 865. Because this objection "does not meet the requirement of specific objections[,]" it "is tantamount to a complete failure to object." *Cole*, 7 F. App'x at 356 (*Miller*, 50 F.3d at 380).

Next, Plaintiff rehashes the same argument from his response to the motion for sanctions averring that Defendant has waived "the affirmative defense of capacity" after failing to raise it in its answer or within "the time allotted for amendments . . . ." (D.E. 63 at PageID 888; D.E. 68 at PageID 924.) To support his argument, Clark relies on *Cranpark, Inc. v. Rogers Group, Inc.*, 821 F.3d 723 (6th Cir. 2016) and two emails. (D.E. 68 at PageID 924.) One correspondence is new evidence in the record—a January 2023 email between counsel for each party wherein Defendant rejects Plaintiff's request to substitute P&G as Plaintiff. (*Id.*; D.E. 67-1.) Despite this newly revealed communication, Plaintiff's objection is unpersuasive for several reasons.

First, "where a party's objections are simply a repetition of the arguments he or she made to the magistrate judge, a *de novo* review is not warranted[,]" but the district court should instead review for clear error. *Vasconez v. Langston Cos., Inc.*, No. 220CV02160JTFCGC, 2021 WL 3124959, at *1 (W.D. Tenn. July 23, 2021) (citing *Thomas*, 474 U.S. at 150-52.) As Magistrate Judge York explained, "the Sixth Circuit noted that the 'real-party-in-interest requirement is generally viewed as an affirmative defense that can be waived . . . . [And,] [w]hen raised late in litigation, as in this case, challenges under Rule 17(a) are generally considered waived or forfeited.'" (*Id.* at PageID 910 (quoting *Cranpark*, 821 F.3d at 730).) However, as the Magistrate

5

Judge thoroughly reasoned, "Defendant has, at no time, waived this real-party-in-interest argument" but has instead "vigorously pursued it" through its subpoena, motion to compel, emails to counsel, and examination during contempt proceedings. (D.E. 66 at PageID 912.) Indeed, Plaintiff's submission of the January 2023 email is yet another example of his baffling obfuscation of the facts of this case. Although he appears to have asked Defendant to substitute P&G as Plaintiff, at no point has Clark moved the Court for leave to amend his pleadings to substitute P&G, but instead, continues to act as the real party in interest. For these reasons, Defendant's second objection is unpersuasive and upon review the Court finds no clear error.

Clark next submits a vague, general, and conclusory objection completely bereft of citation stating in full: "The time to file a substitution of parties has not been unreasonable. The Court stayed the scheduling Order to conduct the contempt hearing regarding the [sic] Thus, this matter is currently stayed pending the District Court's treatment of the Report and Recommendation." (D.E. 68 at PageID 924.) Plaintiff appears to object to Judge York's conclusion that an unreasonable amount of time has passed and that allowing substitution of P&G would prejudice Defendant despite Rule 17's allowance of an opportunity to cure. (D.E. 66 at PageID 913-14.) Rule 17 dictates that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Substitution "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events of the participants." *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 615 (W.D. Tenn. 2011) (quoting *Zurich Ins. Co. v. Logitrans Inc.*, 297 F.3d 528, 534 (6th Cir. 2002) (Gilman, J., concurring)).

Substitution is not permitted when an unreasonable amount of time has passed since an objection was raised and where substitution would prejudice the other party. (D.E. 66 at PageID 913.) Indeed, substitution "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Zurich Ins. Co.*, 297 F.3d at 532 (quoting Fed. R. Civ. P. 17(a) advisory committee's note to 1966 amendment); *see also Wright*, 782 F. Supp. 2d at 615 (quoting *Tool–Plas Sys., Inc. v. Camaco, LLC*, No. 09–12003, 2010 WL 1347686, at *2 (E.D. Mich. Mar. 31, 2010)) ("In deciding whether to allow a real party in interest to substitute into an action for the named plaintiff, the Court considers whether there has been an honest mistake as opposed to tactical maneuvering, unreasonable delay, or undue prejudice to the non-moving party.").

Judge York is correct that allowing substitution in the present case would unfairly prejudice Defendant. Plaintiff testified that he assigned his claim on October 22, 2020, well over one year before this case was filed in state court. (D.E. 60 at PageID 662-64.) In fact, Clark agreed that Griffin should have filed the lawsuit in his place. (*Id.* at PageID 652.) Despite Plaintiff's clear understanding that he was not the real party in interest, he participated in a deposition, written discovery, site inspections, mediation, and contempt proceedings. Only after Defendant believed that they had reached a valid settlement did Griffin and P&G raise questions of identity. Thus, determination of the real party in interest was never difficult nor has an understandable mistake been made. Although the Magistrate Judge stayed the amended scheduling order on May 1, 2023, Griffin and P&G disputed Clark's identity as the real party in interest just after the August 29, 2022, mediation and Defendant raised the issue in its motion for sanctions on September 28, 2022. As such, Plaintiff has had months to correct a mistake about which he has been aware of for years.

7

Inexplicably, he has never moved the Court for an opportunity to amend or cure. During this time, Defendant has spent considerable resources to determine the identity of the real party in interest. Thus, Clark's objection is unpersuasive and any substitution at this stage would clearly prejudice Defendant. Upon review, the Court finds no clear error.

Furthermore, because the Report finds that Clark is not the real party in interest and substitution is unwarranted, it recommends dismissal of the action with prejudice pursuant to Rule 17(a)(3). (D.E. 66 at PageID 915.) Plaintiff does not specifically object to the finding that he is not the real party in interest nor the recommendation that the case be dismissed. As such, the recommendations by the Magistrate Judge are reviewed for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. As the Report concluded, although Clark transferred his interest, "[t]here is no question here that Plaintiff has Article III standing." (D.E. 66 at PageID 907-08.) However, "[a] plaintiff may have standing in the Article III sense but not in the real party in interest sense." *Cranpark*, 821 F.3d at 732. Rule 17 makes plain that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Cranpark*, 821 F.3d at 730 (quoting *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 42–43 (6th Cir.1994)). Tennessee substantive law is clear that "[o]nce a valid assignment is completed, the assignor retains no rights under the original contract; the assignee then stands in the position of the assignor, possessing the same rights and being subject to the same defenses." *N. Am. Specialty Ins. Co. v. Heritage Glass, LLC*, No. 2:16-CV-263, 2019 WL 4045768, at *4 (E.D. Tenn. Aug. 27, 2019) (citing *Collier v. Greenbrier Devs., LLC*, 358 S.W.3d 195, 201 (Tenn. Ct. App. 2009)), *aff'd*, 821 F. App'x 494 (6th Cir. 2020); (*see also* D.E. 62 at

8

PageID 873 n.8 (collecting cases regarding the effect of a valid assignment).)

Because Clark validly assigned his entire claim to P&G on October 22, 2020, he is not the real party in interest and lacks Rule 17 standing to bring this lawsuit. Therefore, the Report's recommendations that the Court find Plaintiff not to be the real party in interest, that an opportunity to substitute P&G is inappropriate, and that the case be dismissed are all ADOPTED.

   b. *The Report's recommended sanctions are appropriate*

Plaintiff's next three objections appear to address the Report's recommended sanctions of prohibiting P&G from maintaining a claim against Defendant related to this dispute and ordering P&G and Griffin to pay Defendant's reasonable attorney fees and costs incurred. Plaintiff's fourth objection states in full:

> The Report and Recommendation overlooks Ohio Security's attempted fraud upon the Court. Consistent with *Williamson v. Recovery Limited Partnership*, 826 F.3d 297 (6th Cir. 2016), fraud upon the court is limited to attacking adverse judgments under the standards announced in *Carter v. Anderson*, 585 F.3d 1007 (6th Cir. 2009). Ohio Security has never provided any written report, note, memorandum or otherwise to Plaintiff, the Court or Struttman regarding the existence of metadata or metadata scrubbers.

(D.E. 68 at PageID 925.) The substance of Clark's argument is vague, and it is not evident to the Court what the alleged fraud is. In *Williamson*, the Sixth Circuit affirmed the imposition of sanctions against an attorney who acted in bad faith by knowingly misrepresenting material details relevant to the execution of a consent order. 826 F.3d at 305. Despite affirming the sanctions, the appellate court noted that the district court's use of the "fraud-on-the-court doctrine" was erroneous "because this case involves a court's inherent power to sanction" and not the "courts' inherent power to vacate their judgments." *Id.* at 302.

Thus, if Plaintiff is attempting to argue that Defendant should be sanctioned for "attempted

9

fraud upon the court," his argument must fail as he confuses *Williamson*'s instruction because there is no judgment to vacate. Furthermore, "[t]he Magistrate Judge Act, 28 U.S.C. § 631, 'does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.'" *Berry v. Specialized Loan Servicing, LLC*, No. 218CV02721SHLDKV, 2020 WL 4698318, at *4 (W.D. Tenn. Aug. 13, 2020) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Additionally, as stated, Clark does not cite to "portions of the report or specified proposed findings" and it is not the role of the Court to craft his argument for him. 28 U.S.C. § 636(b)(1); *see also Jones*, 335 F. Supp. 2d at 865. Therefore, Clark's vague objection which appears to present new arguments is unpersuasive.

Next, Plaintiff raises three arguments in objecting to the size of the recommended monetary sanctions. (D.E. 68 at PageID 925.) He asserts that P&G and Griffin may be ordered to pay for the "text messages only portion" of the contempt hearings because "the only finding of contempt was for a [sic] text messages." (*Id.*) Clark additionally argues that a monetary sanction above the cost of the "text messages only portion of the hearing" would violate the Supreme Court's instruction in *Spallone* where "the Court limited the contempt power to the least possible power." (*Id.*) He also avers that any "compensatory contempt sanction [that] exceeds the text messages," would be "in violation of the VIII Amendment." (*Id.*) The Report recommends that Griffin and P&G be ordered to pay the reasonable attorney fees and costs that Defendant incurred in drafting its motion to compel and the related contempt hearings. (D.E. 66 at PageID 917.)

In *Spallone*, the Court reversed the imposition of sanctions against individual councilmembers noting that the district court "should have proceeded with such contempt sanctions first against the city alone in order to secure compliance with the remedial order."

10

*Spallone v. United States*, 493 U.S. 265, 280 (1990). The Court reached this conclusion noting that in selecting contempt sanctions, "a court must exercise '[t]he least possible power adequate to the end proposed.'" *Id.* at 635 (quoting *Shillitani v. United States*, 384 U.S. 364, 371 (1966)). This Court has discussed *Spallone*'s limitations on contempt sanctions before:

> If the court finds a party in contempt, the court may sanction the offending party. In determining what sanctions are appropriate, courts are guided by the purposes of contempt: "(1) to coerce the defendant into compliance with the court's order; and (2) to compensate the movant for losses sustained." *Dominic's Rest. of Dayton, Inc. v. Mantia*, No. 3:09-CV-131, 2009 WL 10679457, at *4 (S.D. Ohio May 14, 2009) (citing *Gompers v. Buck's Stove & Range, Co.*, 221 U.S. 418, 448–49 (1911)); *see also TWM Mfg. Co., Inc. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983) ("[Civil contempt's] primary purposes are to compel obedience to a court order and compensate for injuries caused by noncompliance."). When determining whether to impose sanctions, the court must "use the 'least possible power adequate to the end proposed.'" *Mantia*, 2009 WL 10679457, at *4 (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)). A court may compensate a moving party for the nonmovant's contempt in the form of a fine payable to the movant. *Id.* This fine "must of course be based upon evidence of complainant's actual loss," and the complainant's "right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). A court may also require the contemptuous party to pay the complainant's attorney's fees and costs for bringing the motion. *TWM, Mfg.*, 722 F.2d at 1273.

*Gus's Franchisor, LLC v. Terrapin Rest. Partners, LLC*, No. 2:20-CV-2372-JPM-CGC, 2021 WL 918075, at *4 (W.D. Tenn. Mar. 10, 2021).

Under the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "However, the Supreme Court has explained that the word 'fine' in this context means a payment to the *government*." *Zomba Enters., Inc. v. Panorama Recs., Inc.*, 491 F.3d 574, 586 (6th Cir. 2007) (citing *United States v. Bajakajian*, 524 U.S. 321, 327 (1998)). Here, the dispute is between two private parties and "the government neither has prosecuted the action nor has any right to receive

a share of the" attorney fees or costs awarded. *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 264 (1989). Indeed, Plaintiff's sole citation does not help his argument. In *United States v. Zakharia*, the Sixth Circuit concluded that the imposition of a $100,000 fine, payable to the government, against an expert witness who was convicted of misdemeanor contempt of court was not an excessive fine under the Eighth Amendment. 418 F. App'x 414, 423 (6th Cir. 2011).

In the present case, Judge York's recommended monetary sanction is well-founded. The Report found P&G in contempt "for 'fail[ing] without adequate excuse to obey the [S]ubpoena" not merely for failing to disclose certain text messages. (D.E. 66 at PageID 916 (quoting Fed. R. Civ. P. 45(g).) Judge York based his finding on "P&G's failure to be forthcoming" regarding who was the real party in interest, "Griffin's bad faith gamesmanship in these proceedings," and "P&G['s] and Mr. Griffin['s] fail[ure] to fully respond to the subpoena at issue" among other considerations. (*Id.* at PageID 916.) Importantly, too, Plaintiff has failed to comply with the Magistrate Judge's December 16, 2022 (D.E. 33) and March 7, 2023 (D.E. 45) orders requiring compliance with Defendant's subpoena. As Defendant notes, "Sixth Circuit case law is clear that 'there is judicial power to punish the failure to comply with a valid subpoena as contempt of court.'" (D.E. 62 at PageID 879 (quoting *ZMCC Props. LLC v. PrimeOne Ins. Co.*, No. 19-12428, 2021 WL 1737135, at *1 (E.D. Mich. May 3, 2021))); *see also* Fed. R. Civ. P. 37(b)(2) (permitting monetary and other sanctions for failure to comply with a court order); *BC N. Partners v. Penn Nat'l Mut. Cas. Ins. Co.*, No. 1:22-CV-1134-STA-JAY, 2023 WL 4118783, at *5 (W.D. Tenn. June 22, 2023) ("Rule 37(b) authorizes a district court to sanction a party for its failure to comply with a court order directing the party to provide or permit discovery.").

12

Since P&G and Griffin first raised the question of whether a valid settlement had been reached, this case has encountered a constant stream of contumacious behavior and vexations caused by Plaintiff, P&G, and Griffin's actions. Despite Plaintiff's contention, P&G is not being found in contempt merely for failing to disclose certain text messages. Therefore, to compensate Defendant for the actual loss sustained by Plaintiff's months of contemptuous behavior, the Report's recommendation of monetary sanctions against P&G and Griffin is ADOPTED. As such, Defendant is ORDERED to file an affidavit in the next fourteen days detailing the fees and costs incurred since the August 29, 2022, settlement conference for the Court's review.

Plaintiff's final objection is to "simply reiterate our point that Mike Clark should not be sanctioned at all for this case as set forth in DE 63." (D.E. 68 at PageID 925.) Other than dismissal with prejudice as addressed above, the Report does not recommend sanctions against Clark. As such, this objection is moot.

In addition to monetary sanctions, Judge York recommends "that P&G may not maintain a claim (now or in the future) against Defendant Ohio Security related to this dispute due to its bad faith gamesmanship which created unnecessary expense and delay in this case." (D.E. 66 at PageID 917.) Defendant argued in support of an absolute litigation bar in both its reply brief (D.E. 64 at PageID 899) and response to objections (D.E. 69 at PageID 945.) Although Plaintiff does not object to this recommendation, it is too restrictive "to deter the inappropriate behavior." *Hyland v. Stevens*, 37 F. App'x 770, 771 (6th Cir. 2002). The Sixth Circuit has stated explicitly, "[w]e do not believe a person can be absolutely foreclosed from initiating an action in a court of the United States, though it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."

13

*Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). "In most cases, the preferred approach is to require an abusive litigant to obtain leave of court before filing suit regarding the operative facts that have been the basis for his or her litigiousness." *Hyland*, 37 F. App'x at 771. Given Judge York's extensive factual findings regarding P&G and Griffin's bad faith antics throughout this proceeding, a similar restriction is warranted. As such, the Report's recommendation of a complete bar against P&G and Griffin from filing suit on the basis of these facts is REJECTED in part. Instead, P&G and William Griffin are permanently ENJOINED from filing any civil lawsuit alleging or asserting factual or legal claims based upon or arising out of the legal or factual claims alleged in this action without first obtaining certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman*, 99 F.3d at 811; *see also Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998), and *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987)) ("A district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions.").

## CONCLUSION

Based on the foregoing, Defendant's original motion for sanctions is ADOPTED IN PART and DENIED IN PART. Furthermore, the Report and Recommendation is ADOPTED as to dismissal of Plaintiff's claims and the imposition of monetary sanctions against P&G and Griffin. The recommendation to permanently bar P&G and Griffin from filing suit on these facts is REJECTED in part as modified herein.[3]

---

[3] In both its post-hearing brief and reply brief, Defendant requests a finding that P&G and

IT IS SO ORDERED this 9th day of August 2023.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE

---

Griffin knowingly produced a forged assignment of claim in response to the subpoena. (D.E. 62 at PageID 881-82; D.E. 64 at PageID 899.) Ohio Security does not, however, raise this request in its response to Plaintiff's objections. (*See* D.E. 69.) Furthermore, the Report does not address this request nor does Plaintiff object either in his response (D.E. 63) or objections (D.E. 68.) Because this case has been dismissed and sanctions have been imposed, the request is moot.