IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MICHAEL CLARK,

    Plaintiff,

v.                                                             Case No.: 1:22-cv-01089-JDB-jay

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.

## ORDER

Before the Court is Defendant's Counsel's Motion and Memorandum of Law in Support of Its Attorney Fee and Costs Request. ECF No. 72. Plaintiff has not responded. This matter has been referred to the Magistrate Judge for determination and/or report and recommendation. ECF. No. 73. For the following reasons, Defendant's Motion is GRANTED.

Defendant requests that the Court grant an award of Defendant's Counsels' fees of $98,582.00, and $7,382.68 in costs. It files its Motion in accordance with LR 54.1 and this Court's Order Adopting in Part and Rejecting in Part the Report and Recommendation (ECF No. 70), in which, among other things, the Court: (1) adopted Magistrate Judge York's recommendation that monetary sanctions be assessed against both P&G Construction Consultants, LLC ("P&G") and William Griffin ("Mr. Griffin"); and (2) ordered counsel for Defendant Ohio Security Insurance Company, improperly named in the Complaint as Liberty Mutual Insurance Company ("Ohio Security"), to file an affidavit detailing its counsels' fees and costs incurred since the August 29,

2022 settlement conference.[1] In the Order, Judge Breen reiterated that "Sixth Circuit case law is clear that 'there is judicial power to punish the failure to comply with a valid subpoena as contempt of court.'" ECF No. 70 quoting *ZMCC Props. LLC v. PrimeOne Ins. Co.*, No. 19-12428, 2021 WL 1737135, at *1 (E.D. Mich. May 3, 2021))); *see also* Fed. R. Civ. P. 37(b)(2) (permitting monetary and other sanctions for failure to comply with a court order); *BC N. Partners v. Penn Nat'l Mut. Cas. Ins. Co.*, No. 1:22-CV-1134-STA-JAY, 2023 WL 4118783, at *5 (W.D. Tenn. June 22, 2023) ("Rule 37(b) authorizes a district court to sanction a party for its failure to comply with a court order directing the party to provide or permit discovery.")

The Magistrate Judge finds that the requested attorney fees are reasonable under the Lodestar Method. *See McDowell v. Livonia Hotel Bus., Inc.*, No. 22-1740, 2023 WL 4447039, at *9 (6th Cir. July 11, 2023) (applying lodestar method to determine reasonable of fees after awarding Fed. R. Civ. P. 37 sanctions for failure to timely disclose expert report); *Fusion Elite All Stars v. Nfinity Athletic LLC*, No. 20-CV-2600-SHL-TMP, 2022 WL 18283187, at *3 (W.D. Tenn. Dec. 12, 2022), report and recommendation adopted, No. 2:22-CV-2226-SHL-TMP, 2023 WL 184257 (W.D. Tenn. Jan. 13, 2023) (applying lodestar method to award of sanction under Fed. R. Civ. P. 45); *Knox Trailers, Inc. v. Clark*, No. 3:20-CV-137-TRM-DCP, 2022 WL 4372350, at *7 (E.D. Tenn. Sept. 21, 2022) (applying lodestar method to Fed. R. Civ. P. 37 sanctions award); *All Secure Guard & Patrol Servs., Inc. v. Fed. Home Loan Mortg. Corp.*, No. 14-2575-STA-TMP, 2015 WL 7302789, at *5 (W.D. Tenn. Nov. 18, 2015) (applying lodestar method to Fed. R. Civ. P. 37 sanctions for failure to provide timely responses to discovery); *Vaughn v. Taylor*, No. 2:21-CV-0061, 2022 WL 3273091, at *7 (E.D. Tenn. July 22, 2022), report and recommendation adopted,

---

[1] Counsel has attached the Affidavit of Brian C. Neal ("Neal Aff.") as Exhibit A and the Affidavit of Newton Anderson ("Anderson Aff.") as Exhibit B of its Motion.

No. 2:21-CV-61, 2022 WL 3273855 (E.D. Tenn. Aug. 10, 2022) (applying lodestar method to Fed. R. Civ. P. 11 sanctions award; *see also Church v. White*, No. 21-1001-SHM-CGC, 2022 WL 17475780, at *5 (W.D. Tenn. Dec. 6, 2022); *BC N. Partners v. Penn Nat'l Mut. Cas. Ins. Co.*, No. 1:22-CV-1134- STA-JAY, 2023 WL 4118783, at *5 (W.D. Tenn. June 22, 2023) ("Rule 37(b) authorizes a district court to sanction a party for its failure to comply with a court order directing the party to provide or permit discovery.") Both the hourly rates charged by Defendant's counsel and the number of hours submitted are reasonable in this case. Defendant's claim for attorney fees is fully documented by detailed time records that show when and how each hour was spent. Additionally, is well-settled that a reasonable attorneys' fee award must take into account whether the sanctioned party mounted an aggressive defense. *See, e.g., American Canoe Ass'n, Inc. v. City of Louisa*, 683 F. Supp. 2d 480, 491 (E.D. KY 2010) (noting that a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response") (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 580-81 n. 11 (1986)); *Frank Music Corp. v. MGM, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("'Although [defendants] had the right to play hardball in contesting [plaintiffs'] claims, it is also appropriate that [defendants] bear the cost of their obstructionist strategy'"). Plaintiff's tactics in this case played perhaps the largest role in the number of hours defense counsel was required to spend in mounting its successful defense. Finally, the Court notes that Defendant has exercised prudent judgment in billing with a thoughtful, voluntary reduction of approximately 20% to avoid any inefficient or duplicative work.

The Court also finds that the out-of-pocket expenses and costs that Defendant's Counsel seeks to recover are reasonable and were necessary. These costs are of the type typically billed by attorneys to paying clients in the workplace, and include recorded-transcript fees, expert witness fees and compensation, and travel expenses. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)

("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee-paying client.'") (citation omitted). Therefore, it is proper to reimburse reasonable expenses even though they might be greater than taxable costs. *Id*.; *see also Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 725-26 (10th Cir. 1993) (expenses reimbursable if they would normally be billed to client); *Abrams v. Lightolier, Inc*., 50 F.3d 1204, 1225 (3d Cir. 1995) (expenses recoverable if customary to bill clients for them); *Militand Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they 'were incidental and necessary to the representation' of those clients.") (citation omitted).

For these reasons, and pursuant to LR 7.2 (a)(2), which provides that "[f]ailure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion," Defendant's Motion is GRANTED.

IT IS SO ORDERED this the 12th day of September, 2023.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**