IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01089-JDB-jay |
| | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER APPROVING ATTORNEYS' FEES & COSTS

Before the Court is the objection of Plaintiff, Michael Clark (Docket Entry ("D.E.") 77), to the Magistrate Judge's order (D.E. 76) granting Defendant, Ohio Security Insurance Company's[1] ("Ohio Security") motion for attorneys' fees and costs (D.E. 72). For the following reasons, Plaintiff's objection is OVERRULED and the Magistrate Judge's order is AFFIRMED.

## PROCEDURAL HISTORY

Defendant initially moved for sanctions against Clark on September 28, 2022, arguing, "Clark has engaged in various misrepresentations to Ohio Security and this Court, including the identity of the real party in interest and the validity of the settlement agreement entered into between Clark and Ohio Security as a result of the court-ordered mediation occurring on August 26, 2022." (D.E. 19 at PageID 176.) The undersigned referred the motion to Magistrate Judge Jon York on October 3, 2022. (D.E. 20.) Following three days of hearings (D.E. 50, 56, 58), Judge York issued a report and recommendation finding Clark was not the real party in interest, which was P&G Construction Consultants, LLC ("P&G"), and that Clark and P&G had "engaged

---

[1] The complaint erroneously named the Defendant. (D.E. 1-1 at PageID 7.)

in gamesmanship and delay tactics throughout this litigation[.]" (D.E. 66 at PageID 904.) The Magistrate Judge also noted that P&G had failed to substitute as the real party in interest and then refused to comply with a subpoena and court orders to produce documents. (*Id.* at PageID 914–17.) Consequently, Judge York recommended the undersigned dismiss this action and sanction P&G by awarding Ohio Security its reasonable attorneys' fees related to the motion to compel and the contempt hearings. (*Id.*)

The undersigned adopted, in relevant part, the report and recommendation and overruled Clark's objections. (D.E. 70.) Consistent with Judge York's recommendation, the Court also directed Defendant's counsel to file an affidavit detailing their fees and costs. (*Id.* at PageID 959.) Ohio Security did so on August 23, 2023, claiming $98,582 in attorneys' fees and $7,382.68 in costs. (D.E. 72 at PageID 988.) The undersigned referred the matter to the Magistrate Judge for determination and/or a report and recommendation. (D.E. 73.) Neither Clark nor P&G responded to Defendant's motion while it was pending before Judge York. (D.E. 76 at PageID 1039.)

On September 12, the Magistrate Judge granted Ohio Security's motion and awarded its requested fees and costs in full. (*Id.*) In so doing, Judge York held that Defendant's fees and costs were reasonable and necessary. (*Id.* at PageID 1041.) The Magistrate Judge also noted that Plaintiff's failure to respond to the motion was another sufficient reason for granting the motion under the Court's Local Rules. (*Id.* at PageID 1042.) Below his signature, Judge York included the following warning in all capital letters and in bold typeface:

> **IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER. *SEE* 28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

(*Id.*) Clark filed his objection on September 27. (D.E. 77.)

**LAW & ANALYSIS**

A party seeking to appeal a magistrate judge's determination must file an objection within fourteen days of service of the order. *See* LR 72.1(g)(1). If a party fails to submit a timely appeal, it waives its right to object. *See Gant v. Genco I, Inc.*, 274 F. App'x 429, 431 (6th Cir. 2008) ("[A] party's failure to object to a magistrate judge's report, within the time provided for filing objections, operates as a waiver of that party's right to appeal.") (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). To ascertain an appeal's timeliness, courts use Federal Rule of Civil Procedure 6(a)(1). Fed. R. Civ. P. 6(a) ("The following rules apply in computing any time period specified in these rules, in any local rule or court order[.]"). Rule 6 requires a court not to count the day of service but to count every other day, including weekends, holidays, and the last day of the period, unless the final day is a weekend or holiday. Fed. R. Civ. P. 6(a)(1). Finally, a court may excuse an objection's tardiness upon a showing of exceptional circumstances. *See Engle v. Ohio Dep't of Rehab. & Corr.*, 59 F. App'x 763, 764 (6th Cir. 2003) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

Here, Clark's objection, filed September 27, was a day late. (D.E. 77.) The Magistrate Judge's order was issued on September 12 (D.E. 76), so any appeal was due on September 26. *See* Fed. R. Civ. P. 6(a)(1). Furthermore, Plaintiff has not shown any exceptional circumstances justifying his delay. In his objection, Clark only addressed the merits of certain fees and costs awarded by the Magistrate Judge. (D.E. 77 at PageID 1043–44.) Plaintiff neither moved for leave to submit a late objection nor offered any reason justifying his untimeliness. Therefore, Clark's objection is untimely and he has waived his right to appeal the Magistrate Judge's determination.[2]

---

[2] Though Plaintiff's untimeliness is sufficient grounds for overruling his objection, his appeal would also likely fail because of his failure to respond to Defendant's motion while it was pending before Judge York. (D.E. 76 at PageID 1039.) Failure to respond to a motion may be

## CONCLUSION

For the foregoing reasons, Plaintiff's objection (D.E. 77) is OVERRULED and the Magistrate Judge's order (D.E. 76) is AFFIRMED.

IT IS SO ORDERED this 16th day of October 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

deemed good cause to grant it.  LR 7.2(a)(2).  Likewise, this Court has acknowledged that a party's failure to respond to a matter pending before a magistrate judge, other than motions under Federal Rules of Civil Procedure 12(b), 12(c), or 56, may operate as a waiver of the right to appeal the magistrate judge's determination.  *Cf. Hershberger v. Town of Collierville*, No. 14-2153, 2014 WL 6815189, at *4–5 (W.D. Tenn. Dec. 2, 2014) (citing LR 7.2(a)(2)).