**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: November 12, 2024

Mr. Drayton D. Berkley
Berkley Law
1255 Lynnfield Road
Suite 266
Memphis, TN 38119

Mr. Brian Christian Neal
Mr. Matthew Blake Rogers
Ms. Lauren Rota
Burr & Forman
222 Second Avenue, S.
Suite 2000
Nashville, TN 37201

Re: Case Nos. 23-5808/23-6014, *Michael Clark v. Ohio Security Ins Co*
Originating Case No. : 1:22-cv-01089

Dear Counsel,

The Court issued the enclosed opinion today in these cases.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Wendy R. Oliver

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0452n.06

Nos. 23-5808/6014

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MICHAEL CLARK, | ) | |
| Plaintiff-Appellant, | ) ) | FILED<br>Nov 12, 2024<br>KELLY L. STEPHENS, Clerk |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| OHIO SECURITY INSURANCE COMPANY, | ) ) ) | |
| Defendant-Appellee. | ) ) | OPINION |

Before: STRANCH, THAPAR, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Mike Clark owns a building that allegedly suffered hail damage. He insured the building through the Ohio Security Insurance Company and sought payment from this insurer. Around the same time, though, he assigned his interest in the insurance to P&G Construction Consultants, LLC. Clark did not alert Ohio Security of this fact. But the assignment came to light after Ohio Security seemingly settled with Clark. Ohio Security then moved to dismiss Clark's suit. And when P&G failed to respond to discovery requests about the assignment, Ohio Security sought sanctions against it. The district court granted the motion to dismiss and required P&G and one of its agents to pay a portion of Ohio Security's attorney's fees and costs. Clark and P&G appealed. Their conclusory brief contains almost as many issues as it does pages. They have forfeited most of the issues that they seek to raise. We affirm.

Nos. 23-5808/6014, *Clark v. Ohio Security Ins. Co.*

I

In March 2020, a hailstorm allegedly damaged a commercial building that Mike Clark owned in Henderson, Tennessee. At the time of the storm, Clark possessed an insurance policy from Ohio Security Insurance for this building. That October, Clark hired P&G Construction to help collect the insurance proceeds. As part of their agreement, Clark assigned "all interest and insurance claim rights, benefits, any causes of action, damages, appraisals, litigation, and/or settlement of the restoration work and claim under any applicable insurance policies" to P&G. Assignment, R.19-18, PageID 345. William Griffin operated P&G, and his wife substantially owned the company.

Soon after making this assignment, Clark reported a claim to Ohio Security for the alleged hail damage. During Ohio Security's review of this claim, it learned that Clark had hired Griffin as his "public adjuster" to help him seek coverage. Delaney Decl., R.19-1, PageID 180. But neither Clark nor Griffin informed Ohio Security that Clark had assigned his rights under the policy to P&G. *Id.* Ultimately, Ohio Security denied the claim because its investigation revealed that Clark's building had "no wind or hail damage" and instead had only "wear and tear" from long-term use. *Id.*

In March 2022, Clark sued Ohio Security in state court over its refusal to cover the claimed hail damage. His complaint did not disclose that he had assigned his rights to the insurance proceeds to P&G. After Ohio Security removed Clark's suit to federal court, the litigation seemed to come to an efficient end. Clark and Ohio Security settled during a court-ordered mediation. Ohio Security agreed to pay a sum of money to Clark, and Clark agreed to release all claims against the insurer. The mediator filed a "Mediation Certification" acknowledging this settlement. Certification, R.18, PageID 175.

The following month, however, the truth came out. When Griffin learned of the settlement, he contacted the parties and rhetorically asked them "how a valid settlement could have been effectuated without the knowledge and endorsement of the legal assignee who is the real party of interest." Griffin Email, R.19-9, PageID 321. For his part, Clark denied settling and suggested that he had asked for a "trial." Clark Email, R.19-15, PageID 339. Ohio Security and Clark also received an email from a P&G email account warning that Clark had breached the assignment agreement and "may have even [been] induced by someone" to do so. P&G Email, R.19-11, PageID 329.

This turn of events did not please Ohio Security. Neither Clark nor Griffin had mentioned any potential assignment until this flurry of post-settlement emails. Ohio Security thus moved to sanction Clark for failing to disclose the assignment and sought an order dismissing his suit. It also subpoenaed P&G for information to uncover who owned the insurance claim.

P&G did not take this subpoena seriously. The company first did not respond at all. So Ohio Security moved to compel a response. A magistrate judge granted this motion. But P&G continuously failed to provide all requested information despite repeated status conferences over these failures. The magistrate judge eventually decided to hold contempt proceedings.

After three days of hearings, the judge made two general recommendations to the district court. *See Clark v. Liberty Mut. Ins. Co.*, 2023 WL 5155015, at *2–7 (W.D. Tenn. July 11, 2023). The judge first found that the court should dismiss the suit because Clark had assigned his claim to P&G and did not qualify as the "real party in interest" under Federal Rule of Civil Procedure 17. *See id.* at *2–6. The judge reasoned that Ohio Security had not waived this real-party-in-interest defense because the insurer had raised it soon after discovering the assignment. *See id.* at *4–5. He also reasoned that the court should dismiss the suit (rather than allow Clark to substitute

3

Nos. 23-5808/6014, *Clark v. Ohio Security Ins. Co.*

in P&G) because the substitution would prejudice Ohio Security after the lengthy delay and discovery misconduct. *See id.* at *4–6. The magistrate judge next recommended that the court sanction P&G and Griffin for their continued refusal to respond adequately to the subpoena. *See id.* at *7. The judge suggested that the court order these parties to pay Ohio Security's attorney's fees and costs for the motion-to-compel proceedings. *Id.* He also suggested that the court bar P&G from asserting a claim against Ohio Security arising out of the same facts. *Id.*

For the most part, the district court adopted the magistrate judge's recommendations. *See Clark v. Liberty Mut. Ins. Co.*, 2023 WL 6037435, at *7 (W.D. Tenn. Aug. 9, 2023). It held that Clark was not the real party in interest and dismissed the case. *Id.* at *4. It also sanctioned P&G and Griffin and ordered them to pay Ohio Security's attorney's fees and costs. *Id.* at *6. But the court lessened the severity of the proposed litigation bar. It required P&G to obtain preapproval from a magistrate judge before filing any suit about the same events. *Id.* at *7. Clark appealed.

In the meantime, Ohio Security asked for $98,582 in fees and $7,382.68 in costs. Griffin and P&G did not respond to this motion or challenge these amounts. The magistrate judge granted the motion in full. Clark (who was not even a party compelled to pay any fees and costs) objected to the magistrate judge's decision. The district court held that Clark waived this objection by not timely filing it. Clark and P&G appealed a second time.

II

The Appellants' Brief raises ten issues. We can consolidate these issues into three general questions: Did the district court properly dismiss Clark's suit? Did the court correctly sanction P&G and Griffin? And was its attorney's fees award proper? We will take each question in turn.

*1. Did the District Court Properly Dismiss Clark's Suit?* Clark first challenges the district court's decision to dismiss his case. He does not dispute that parties must pursue lawsuits "in the

4

Nos. 23-5808/6014, *Clark v. Ohio Security Ins. Co.*

name of the real party in interest." Fed. R. Civ. P. 17(a)(1). And he does not dispute that litigants no longer qualify as the real party in interest when they sell their interests in a cause of action. *See Cranpark, Inc. v. Rogers Group, Inc.*, 821 F.3d 723, 730 (6th Cir. 2016). Clark thus agrees with the district court's conclusion that he is not the real party in interest in this litigation. *See Clark*, 2023 WL 6037435, at *4. He nevertheless raises two theories to support the claim that the court wrongly dismissed his suit even if he did not qualify as the real party in interest.

Theory One: We treat a claim that a plaintiff is not the real party in interest as an affirmative defense, so defendants can forfeit this defense if they do not timely raise it. *See Cranpark*, 821 F.3d at 730. According to Clark, this rule applies here because Ohio Security did not assert a real-party-in-interest defense in its answer. Yet we review the district court's contrary ruling for an abuse of discretion. *See Rogers v. IRS*, 822 F.3d 854, 856 (6th Cir. 2016). And the court's analysis passes muster under that deferential standard of review. Clark sued Ohio Security over an insurance claim without stating in any pleading that he had assigned his interests to P&G. Ohio Security thus lacked a basis to assert this defense at the outset. And when Ohio Security discovered the assignment after the settlement fell apart, it asserted the defense with diligence.

In one sentence, Clark responds that Ohio Security had long known of the assignment because of a pre-litigation email exchange that allegedly referred to it. But Ohio Security's records contained a competing version of this email that did not mention the assignment. Regardless, this email alone does not suffice to show that the district court abused its discretion. As the magistrate judge recognized, Clark's and Griffin's complete lack of candor during the litigation left Ohio Security with a "never-ending uphill battle" over trying to identify who owned this claim. *Clark*, 2023 WL 5155015, at *4.

5

Nos. 23-5808/6014, *Clark v. Ohio Security Ins. Co.*

Theory Two: Under Rule 17, a district "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Clark argues that he lacked a reasonable time to substitute P&G into this suit. Here too, however, we review the district court's contrary holding for an abuse of discretion. *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). And the court reasonably concluded that Clark knew from the outset that Griffin or P&G should have sued. *See Clark*, 2023 WL 6037435, at *4. But Clark wrongly opted to participate in substantial discovery litigating this case to a settlement before disclosing the assignment. *See id.* He thus did not commit the type of honest mistake that courts should freely forgive under Rule 17. Clark's one-sentence response falls well short of showing an abuse of discretion. *See Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022).

*2. Did the District Court Correctly Sanction P&G and Griffin?* P&G and Griffin next raise several challenges to the district court's order sanctioning them. But we need not reach the merits of this sanctions order because they did not properly appeal it. The Appellants' Brief treats Clark, P&G, and Griffin interchangeably by implying that all three appealed all issues. Ohio Security disputes this claim. As the insurer explains, a notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice[.]" Fed. R. App. P. 3(c)(1)(A). And here, the notice of appeal of the order dismissing Clark and imposing sanctions on P&G and Griffin identified only the "Plaintiff"—"Michael Clark"—as the appealing party. Notice, R.74, PageID 1034. It did not list either P&G or Griffin. The notice of appeal of the later attorney's fees award then listed only the "Plaintiff" and "P & G Construction Consultants" as the appealing parties. Notice, R.81, PageID 1069. Ohio Security now interprets these two notices as

6

Nos. 23-5808/6014, *Clark v. Ohio Security Ins. Co.*

showing that P&G and Griffin did not appeal the sanctions order and as showing that Griffin did not appeal the attorney's fees award.

Room for debate may well exist on Ohio Security's claim. Even when a notice of appeal does not list a party, the party may still participate in the appeal if the notice makes the party's intent to appeal "objectively clear" in other ways. *In re Flint Water Cases*, 63 F.4th 486, 506 (6th Cir. 2023) (quoting *Dixon v. Clem*, 492 F.3d 665, 677 (6th Cir. 2007)); *see* Fed. R. App. P. 3(c)(7); 16A Charles A. Wright et al., *Federal Practice and Procedure* § 3949.4, at 96–99 (5th ed. 2019). We, for example, have held that an attorney not listed on a notice of appeal could still appeal a sanctions order when that order applied *only* to the attorney. *See Dixon*, 492 F.3d at 677–78.

But P&G's and Griffin's briefing choices allow us to avoid this debate. Neither P&G nor Clark identified any law on this notice-of-appeal issue. In fact, no appellant filed a reply brief. So Ohio Security's arguments about the shortcomings in the notices of appeal stand alone. P&G and Griffin have thus forfeited any contrary claims. *See Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (en banc). Given this forfeiture, we hold that only Clark appealed the order dismissing his suit and issuing sanctions against P&G and Griffin. Yet Clark offers no reasons why he may appeal an order imposing sanctions on *others*. *Cf. In re Cap. Contracting Co.*, 924 F.3d 890, 897–98 (6th Cir. 2019). His appeal thus gives us no basis to review this sanctions order.

*3. Did the District Court Issue a Proper Attorney's Fees Award?* Ohio Security agrees that P&G (if not Griffin) properly appealed the district court's later attorney's fees award. But P&G's briefing overlooks the court's procedural ground for rejecting any challenge to this award: no party filed a timely objection to the magistrate judge's opinion. *See Thomas v. Arn*, 474 U.S. 140, 147–48 (1985). Because P&G ignored an independently dispositive reason on which we may affirm

7

the judgment, it has also forfeited appellate review of this award. *See Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F.4th 868, 884, 887 (6th Cir. 2024).

This conclusion resolves all of P&G's arguments but one: its claim that the magistrate judge lacked subject-matter jurisdiction to issue an opinion about this award. Parties cannot waive or forfeit these jurisdictional arguments. *See Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 968 (6th Cir. 2018). But this argument fails all the same. P&G cites a case suggesting that magistrate judges may only issue recommendations to district courts about attorney's fees awards. *See Massey v. City of Ferndale*, 7 F.3d 506, 508–10 (6th Cir. 1993). Magistrate judges may not issue dispositive rulings. *See id.* at 510. This distinction means that a district court must give fresh legal and factual review to these awards when a party properly objects to a magistrate judge's decision. *See id.* P&G claims that the magistrate judge here lacked jurisdiction because the judge issued an independent determination (not just a recommendation) about the proper award. Yet *Massey* addressed only *our own* jurisdiction when a district court does not give proper non-deferential review to a magistrate judge's decision about attorney's fees. *See id.* at 510–11. And we have since clarified that a district court's failure to apply the proper standard of review does not affect our appellate jurisdiction. *See Carter*, 905 F.3d at 967–68. Besides, P&G does not argue that the district court applied the wrong standard of review when evaluating the judge's fee award on the merits. The court did not even reach the merits because P&G did not timely object.

We affirm.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Nos. 23-5808/6014

MICHAEL CLARK,

    Plaintiff - Appellant,

    v.

OHIO SECURITY INSURANCE COMPANY,

    Defendant - Appellee.

**FILED**
Nov 12, 2024
KELLY L. STEPHENS, Clerk

Before:  STRANCH, THAPAR, and MURPHY, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Tennessee at Jackson.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

*Kelly L. Stephens*

Kelly L. Stephens, Clerk